```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

JENNIFER M. MARTIN

                        Plaintiff,              07-CV-0039

                 v.                                **DECISION
                                                            and ORDER**

LINDA S. McMAHON, Acting Commissioner
of Social Security

                        Defendant.
_____

## **INTRODUCTION**

      Plaintiff Jennifer M. Martin ("Martin") brings this action pursuant to Section 205(g) of the Social Security Act, seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for Supplemental Security Income ("SSI") payments. Specifically, Plaintiff alleges that the decision of Administrative Law Judge ("ALJ") William T. Vest, Jr., denying her application for benefits was not supported by substantial evidence contained in the record and was contrary to applicable legal standards.

      The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12 (c)("Rule 12 (c)"), on grounds that the ALJ's decision was supported by substantial evidence. Plaintiff opposes the Commissioner's motion, and cross-moves for judgment on the pleadings, on grounds that the Commissioner's decision was erroneous. For the reasons set forth below, I find that the medical record upon which the ALJ made his decision is ambiguous,

and therefore, I remand this case to the Commissioner for a new hearing.

## BACKGROUND

On July 21, 2004, plaintiff, at that time 25 years-old, filed an application for Supplemental Security Income Benefits under Title II of the Social Security Act claiming an inability to work since May 15, 2004, due to diabetes, neuropathy, and demyelinating disease. Plaintiff's application was denied by the Social Security Administration, ("the Administration") and plaintiff filed a timely request for an administrative hearing.

Thereafter, plaintiff, represented by counsel, appeared via video-conference before ALJ Vest on July 26, 2006. In a decision dated August 18, 2006, the ALJ determined that plaintiff was not disabled at any time through the date of his decision. The ALJ's decision became the final decision of the Commissioner when the Social Security Appeals Council denied Plaintiff's request for review on January 4, 2007. On January 25, 2007, plaintiff timely filed this action.

## DISCUSSION

**I.   Jurisdiction and Scope of Review**

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the

Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating Plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). The Commissioner asserts that his decision was reasonable and is supported by substantial evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c). Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that Plaintiff can prove no set of facts in support of his claim which

would entitle him to relief, judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

II. **The ALJ Failed to Fully Develop the Medical Record**

It is well settled that an ALJ making a disability determination on behalf of the Commissioner is required to fully develop the administrative record. Schaal v. Apfel, 134 F.3d 496, 505 (2nd Cir. 1996). In the instant case, I find that the ALJ committed error by failing to fully develop the medical record with respect to the evidence supplied by Dr. Michael A. Meyer, ("Dr. Meyer") plaintiff's treating Neurologist.

Dr. Meyer supplied a medical evaluation in which he indicated that the plaintiff did not suffer from any condition which would make it completely impossible for her to function in a work setting, but added that it would be "difficult" for plaintiff to function in any work setting. Transcript of Administrative Proceedings (hereinafter "T.") at p. 202. Additionally, Dr. Meyer suggested that plaintiff would be required to lie down for up to two hours out of an eight-hour workday to relieve pain and fatigue arising from her medical impairments–a restriction that according to the vocational expert who testified in this case, would prevent plaintiff from working in any job. (T. 202, 285-286) Dr. Meyer's opinion, however, that plaintiff would be required to lay down for two hours out of an eight-hour workday, was ambiguous, in that he qualified his opinion by stating that he was "unable to accurately

determine at this time [the length of rest required by the plaintiff]" (T. 202). Indeed, Dr. Meyer inserted question marks after two of his answers, indicating perhaps that he was unsure of his answer, or perhaps, was unsure of the question. (T. 202).

The presence of the question marks and the qualifying statements made by Dr. Meyer in his assessment raises ambiguities and inherent conflicts concerning critical information relevant to the plaintiff's disabilitywhich the ALJ should have attempted to resolve by recontacting Dr. Meyer. Pursuant to 20 C.F.R. § 416.912(e) the Commissioner is required to recontact a treating physician in cases where the physician's opinion or documentation "contains a conflict or ambiguity that must be resolved . . . ." In this case, but for the ambiguity of his written evaluation, Dr. Meyer's findings could support a finding of disability. As stated above, the vocational expert testified that a person suffering from the limitations suggested by Dr. Meyer would not be able to work. Because Dr. Meyer's assessment is critical to the issue of whether or not plaintiff is disabled, and because his assessment is riddled with ambiguity, I find that it was error for the Commissioner to fail to obtain clarifying information from Dr. Meyer.

## CONCLUSION

For the reasons set forth above, I deny defendant's motion for judgment on the pleadings, and grant in-part plaintiff's motion for judgment on the pleadings for further administrative proceedings to

develop a complete record.  This case is therefore remanded to the Commissioner for a new administrative hearing, to be conducted promptly, and for further development of the medical record consistent with this Order.

    ALL OF THE ABOVE IS SO ORDERED.


                                                  S/Michael A. Telesca
                                                  _____
                                                  Michael A. Telesca
                                                  United States District Judge

DATED: September 9, 2008
       Rochester, New York